**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SCHERTZ – CIBOLO – UNIVERSAL** | § | |
| **CITY  INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 5:25-cv-472** |
| | § | |
| **BAKARI A., et al.,** | § | |
| **Defendants** | § | |

<u>**PLAINTIFF SCHERTZ – CIBOLO – UNIVERSAL CITY**
**INDEPENDENT SCHOOL DISTRICT'S ORIGINAL COMPLAINT**</u>

TO THE HONORABLE COURT:

The Schertz-Cibolo-Universal City Independent School District ("SCUISD"),

Plaintiff, files this Original Complaint and for cause of action would show as follows:

**I.**
**INTRODUCTION**

1.    This case arises under the Individuals With Disabilities Education Act ("IDEA"), 20

U.S.C. §1401 <u>et</u> <u>seq</u>.  SCUISD seeks declaratory and injunctive relief and an order

partially reversing the decision of a special education administrative due process

hearing officer.  SCUISD respectfully requests this Court to conduct a de novo

review of the evidence presented during the administrative proceedings and to

consider any appropriate additional evidence, and find that the administrative hearing

officer's decision is erroneous and violative of federal law.

## II.
## JURISDICTION

2.     This Court has original jurisdiction over this matter pursuant to 20 U.S.C. §1415(*i*)(2)(A) and (*i*)(3)(A) of the IDEA. SCUISD's actions for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure and by the IDEA and the regulations promulgated thereunder. All administrative remedies have been exhausted.

## III.
## PARTIES

3.     SCUISD is a public school district and a political subdivision of the State of Texas. SCUISD is located in Bexar County, Texas.

4.     Bakari is a 21 year old that graduated from SCUISD in May 2023. He can be served at: 236 Town Creek, Cibolo, TX 78108.

## IV.
## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this case under 28 U.S.C. Section 1331, and U.S.C. Section 1415(I)(2).

6.     Venue is proper in the San Antonio Division of the Western District of Texas because the acts complained of occurred in Bexar County, Texas.

## V.
## FACTUAL ALLEGATIONS

7.     Bakari is a 21 year old adult that graduated from high school at the end of the 2022-2023 school year.

8.      Bakari attended his second graduation ARD meeting on January 18, 2023 and signed agreement.  At that ARD meeting, Bakari continued to indicate that he wanted to go to college and explore a career in technology.  He indicated that he would get a job after completing a certificate program in college.

9.      Bakari's mother also attended the January 18, 2023 ARD meeting and marked her agreement to his graduation plan.

10.     Bakari was accepted at Northeast Lakeview College in the 2022-2023 school year. He also completed a FAFSA application for funding to go to college.  Bakari was excited about attending college.

11.     Bakari graduated distinguished with an endorsement in multidisciplinary studies. Bakari had 31.5 credits when he graduated.  A student only needs 22 credits to graduate on the foundation plan.

12.     Even though Bakari was an adult and the rights under IDEA had transferred to him when he turned 18, on January 23, 2024, his mother, Ms. Pope (aka Brianna Applon), sent an email requesting an ARD meeting.

13.     Thereafter, she sent an email requesting an ARD meeting on March 12, 2024, during the school's spring break and indicated she had supported decision making authority but provided no documentation of such an agreement.  Upon her return from spring break, the Director of Special Education, Ms. Suanne Chang-Ponce, sent a response to the parent indicating that Bakari had graduated.

14.     A due process hearing was filed on April 18, 2024.  The only issue set forth was the district's  not scheduling an ARD meeting when the parent, not the adult student, requested an ARD meeting.

15.     The relief requested in the administrative hearing was to hold an ARD meeting and place the student in the 18+ program.

16.     On April 26, 2024, Ms. Angel Martinez, a special education coordinator, sent correspondence by email and U.S. mail to the parent informing her that they did not have a copy of the supported decision making document that she had referenced and requested a copy.  She further requested a current email address for Bakari for future communication.   In this correspondence, she also sent an ARD invitation and procedural safeguards and asked Ms. Pope to share it with Bakari.  She further requested that Ms. Pope and Bakari respond to confirm receipt and told them if the proposed date and time did not work with their schedules to let her know and she would find a different mutually agreeable day and time.

17.     Neither the parent nor Bakari responded to the correspondence.

18.     The parent did not provide documentation of the supported decision making agreement to the district until two weeks after the hearing was filed.

19.     On May 3, 2024, neither Bakari nor Ms. Pope attended the ARD meeting that was requested nor did they inform the school that they would not be attending.

20.     Thereafter, correspondence was sent by email and U.S. mail on May 21, 2024 rescheduling the ARD meeting to May 30, 2024.  A copy of the ARD notice and procedural safeguards were attached.  Ms. Chang-Ponce, the Director of Special Education, also stated that if the date and time did not work, she could send them some additional dates and times.

21.     On May 30, 2024, Ms. Chang-Ponce sent an email reminding Bakari and Ms. Pope that the ARD meeting had been rescheduled for that day and sent another copy of the ARD notice.   She requested that they confirm whether they would be in

attendance or would like it to be rescheduled.  Additionally, she sent a parent and student transition survey for them to complete for the ARD committee to consider.

22.    At  the May 30th ARD meeting, Ms. Chang-Ponce called Bakari's house as well and did not hear back.  The ARD committee waited twenty minutes for Bakari and his mother to arrive.  When neither Bakari or Ms. Pope showed up for the ARD meeting, it was rescheduled for June 12, 2024.  Ms. Chang-Ponce sent the new ARD notice by email and U.S. mail and let them know that if that date and time did not work, it could be rescheduled to another date and time.  Additionally, Ms. Chang-Ponce sent another copy of the parent and student transition survey for Bakari and Ms. Pope to complete for the ARD committee to consider.

23.    Ms. Pope responded by email stating to please stop scheduling ARDs.  She stated that they were going to mediation and hearing.

24.    On June 3, 2024, Ms. Chang-Ponce sent an email to the parent reminding the parent that because Bakari was the age of majority and graduated, that a parent cannot schedule an ARD meeting unless they have been appointed the guardian or have supported decision-making authority. She informed Ms. Pope that at the time that she initially requested the ARD meeting, she did not provide the district with any documentation of guardianship or supported decision-making.  She further indicated that they wanted Bakari to attend since he is an adult and the parent could participate if she chose.  However, since the meeting had been rescheduled three times, the ARD meeting would go forward on June 12, 2024.

25.    Ms. Pope responded that day stating that that neither she or Bakari would be attend any ARD meeting that was scheduled for June 12th and that it would not go forward without them.

26.    On June 6, 2024, Ms. Chang-Ponce responded to Ms. Pope's email and asked her if she was no longer wanting an ARD meeting and was withdrawing that request. She stated that once the school received confirmation that they were withdrawing the request for an ARD meeting, the school would cancel the ARD meeting. Otherwise, if the parent was still seeking an ARD meeting, it would go forward on June 12, 2024.

27.    In response, Ms. Pope stated the following: "We are in litigation it's too late to try and hold an ARD meeting. It's too late to fix your mistake."

28.    On June 12, 2024, the ARD meeting which Ms. Pope requested was held. Pursuant to their request in the due process hearing, the ARD committee offered Bakari the 18+ program.

29.    A copy of the IEP and the procedural safeguards were sent to both Bakari and Ms. Pope on June 17, 2024. Additionally, Bakari's diploma and diploma case were mailed to Bakari and Ms. Pope by certified mail.

30.    There was no response from either Bakari or Ms. Pope. On August 7, 2024, Ms. Chang-Ponce sent another copy of the IEP to both Bakari and Ms. Pope informing them of the 18+ services that were available for Bakari to access pursuant to the IEP and that he met the criteria for special transportation. She requested that they inform her by August 9, 2024 whether Bakari would access those services so that she could ensure that transportation could place him on a route. She further offered her assistance to help Bakari enroll/register.

31.    When Bakari did not enroll and access the services that were requested in the due process hearing, Ms. Chang-Ponce sent correspondence on September 3, 2024 to Bakari and Ms. Pope making them aware that the district stood ready, willing and

able to provide the special education services set forth in the June 12, 2024 IEP and included another copy of the IEP and procedural safeguards.

32.     When Bakari had still not enrolled or responded to the September 3rd correspondence, Ms. Chang-Ponce sent another email on September 25th making Bakari and Ms. Pope aware of the previous correspondence that was sent by both email and U.S. mail with a copy of the June 12, 2024 IEP and procedural safeguards. She also made them aware again that the district stood ready, willing and able to provide the special education services that were set forth in the IEP.

33.     On that date, Ms. Pope finally responded and stated that her position was the same. She further indicated the following: "I want nothing to do with the district. I wish my daughter didn't attend school in this district right now."

34.     Thereafter, when Bakari had still not accessed the services that were requested in the due process hearing, Ms. Chang-Ponce sent correspondence on November 6, 2024 to Bakari and Ms. Pope reminding them that they had requested the ARD meeting and the 18+ program that was available for Bakari to access. Since Bakari had not accessed the services that fall, she offered tutoring 2 hours per day for 15 days in the summer for Bakari to access.

35.     On December 18, 2024, Ms. Chang-Ponce sent another letter to Bakari and Ms. Pope to see if Bakari would be attending the 18+ program for the spring semester so that she could ensure that Special Transportation could add him to a route to transport him to and from school.

36.     When there continued to be no response from either Bakari or Ms. Pope, Ms. Chang-Ponce sent another letter on January 10, 2025 to Bakari and Ms. Pope inquiring again whether Bakari would be accessing the 18+ services so that special

transportation could place him on a route. Additionally, she offered tutoring for Bakari to access for one hour a day twice a week for the spring semester of the 2024-2025 school year and the fall semester of the 2025-2026 school year.

37.    To date, Bakari has never enrolled or accessed any services offered by the District that were requested.

38.    On January 22nd, 2025 the due process hearing was held. The Defendant's attorney was able to call any witnesses that he chose and produce any exhibits. Only Bakari's mother, not the adult student himself, testified on Defendant's case in chief. Both parties closed their cases and hearing concluded on that date in accordance with the time limits that the hearing officer imposed.

39.    Thereafter, the hearing officer unilaterally reopened the hearing asserting that she did not have sufficient evidence to determine whether she had jurisdiction even though both sides had presented their cases in chief. On her own accord, the hearing officer reopened the case over the objection of the Plaintiff for the sole purpose of having Bakari testify and required Bakari to be present.

40.    The second day of hearing that the hearing officer ordered occurred on February 14, 2025.

41.    The hearing officer rendered her decision on March 10th, 2025. She acknowledged that Bakari was an adult and that he would be the only one that could request an ARD meeting unless the parent had obtained guardianship or a supported decision making agreement. She further found that the parent had not provided the district a supported decision making agreement in the parent's March 12, 2023 email wherein she requested an ARD meeting and mentioned a supported decision making agreement. She found that the school had not received the supported decision

making agreement until two weeks after the due process hearing had been filed. Despite those findings and that fact that she herself could not determine whether she had standing after a full day of hearing, she ruled against the school district from the time frame of March 12, 2024 until April 26, 2024 even though the school had no documentation evidencing that the parent did have supported decision making authority.

## VI.
## CAUSE OF ACTION

42.     SCUCISD seeks an order partially reversing the hearing officer decision that was rendered on or about March 10th, 2025 (Exhibit A).  The relevant provisions of the administrative decision, as set forth herein, violate federal law in the following particulars:

    A.  The administrative hearing officer violated federal law by finding that the district failed to provide FAPE to the Defendant 20 year old adult student from March 12, 2024 to April 18, 2024 when the mother, not the adult student,  requested an ARD meeting and only referenced a supported decision making agreement, but did not provide the documentation of such an agreement.

    B.  The administrative hearing officer violated federal law by ordering the district to provide compensatory services for that time period for the adult student even though the student never enrolled, nor did he attend any of the ARD meetings scheduled at the mother's request.  Further, the Plaintiff never accessed the services he had requested or any of the

compensatory services that we offered by the district prior to the hearing officer's decision.

C. The hearing officer applied an inappropriate standard for a free appropriate public education.

43.    Under the Individuals with Disabilities Education Act, all rights under the statute transfer to the student with a disability when the student turns 18. This includes the right to make educational decisions, access education records, and give or withhold consent for services and evaluations. 34 C.F.R. §300.320 and §300.520; TAC§89.1049.   All rights granted to the parent under IDEA, including the right to receive any notice required by IDEA, will transfer to an 18 year-old, unless the child's parent or other individual has been granted guardianship of the child or the school receives documentation of a power of attorney, or a supported decision making agreement.

44.    Under Chapter 1357 of the Texas Estates Code, an adult student can execute a supported decision-making agreement, which allow parents to assist the adult student, but does not give the parent the right to make decisions for the student. The sole decision making authority regarding educational decisions still remains with the adult student under this arrangement.

45.    This Court's review of the hearing officer's decision is virtually de novo.  The Court may take additional evidence and must reach an independent conclusion based on a preponderance of the evidence.  20 U.S.C. § 1415(e)(2).  Plaintiff requests the Court to partially reverse the administrative hearing officer's decision as set forth herein as the decision's violative of the IDEA with respect to her finding that the District failed to provide FAPE from March 12th, 2024 to April 26th, 2024, by not scheduling

an ARD meeting even though the request was made by the mother, not the adult student.

46.    The administrative record will be prepared by the Texas Education Agency and will be been filed with the Court.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Schertz-Cibolo-Universal City Independent School District, respectfully prays that this Court will:

   a.  Conduct a de novo review of the administrative hearing officer's decision and consider any appropriate additional evidence;

   b.  Enter an order partially reversing the decision of the administrative hearing officer regarding Plaintiff not providing FAPE from March 12th, 2024 to April 26th, 2024.;

   c.  Reversing the hearing officer's order granting compensatory services for March 12th, 2024 to April 26th, 2024;

   d.  Grant appropriate declaratory and injunctive relief to the Plaintiff Schertz-Cibolo-Universal City Independent School District;

   e.  Award Plaintiff all appropriate costs of court and attorney's fees;

   f.  Grant any additional relief, at law or in equity, as this Court deems proper and just.

Respectfully submitted,

BUECHLER & ASSOCIATES, P. C.
3660 Stoneridge Rd. Suite D-101
Austin, Texas 78746
(512) 322-0588


By:    /s/ Cynthia Buechler
       CYNTHIA S. BUECHLER
       State Bar No. 19557630

       ATTORNEYS FOR PLAINTIFF
       SCHERTZ-CIBOLO-UNIVERSAL
       CITY INDEPENDENT SCHOOL
       DISTRICT